IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LEE McATEER,<br>AIS #147346, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 2:12-CV-208-SRW<br>) [WO]<br>)<br>) |
| LEON BOLLING, et al., | )<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Roy Lee McAteer ("McAteer"), a state inmate, in which he challenges the determination of guilt and punishment imposed with respect to a disciplinary lodged against him for insubordination.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials in which they addressed the claims for relief presented by McAteer. The reports and evidentiary materials refute the allegations presented in the instant cause of action. Specifically, the documents indicate that the actions about which the plaintiff complains did not violate his constitutional rights. The court therefore issued an order directing McAteer to file a response to the written reports. *Order of May 24, 2012 - Doc. No. 49*. This order advised McAteer that his failure to respond to the defendant's written reports would be treated by the court "**as an abandonment of the claims set forth**

**in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. In accordance with subsequent orders, the time allotted McAteer for filing a response in compliance with the directives of the aforementioned order expired on August 10, 2012. As of the present date, McAteer has failed to file a response in opposition to the defendants' written reports. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. McAteer is indigent. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, McAteer has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing. Moreover, it appears from the pleadings filed by the parties that the actions of the defendants did not violate McAteer's constitutional rights. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

A separate order will accompany this memorandum opinion.

DONE, this 24th day of August, 2012.

                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        CHIEF UNITED STATES MAGISTRATE JUDGE